IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELE L. NEUGEBAUER, )
)
        Plaintiff, )
)
v. ) Civil Action No. 09-261J
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 17th day of March, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 16) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 14) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications[1] for disability insurance benefits and supplemental security income on July 25, 2005, alleging a disability onset date of September 28, 2004, due to a head injury, headaches, neck pain, tremors/seizures, anxiety, accidental drug overdoses and opiate addiction. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on February 27, 2007, at which plaintiff, represented by counsel, appeared and testified. On April 24, 2007, the ALJ issued a decision finding that plaintiff is not disabled. On August 7, 2009, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 33 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). She has a high school education and attended The Art Institute of Pittsburgh for one year. Plaintiff has past relevant work experience as an animal

---

[1] For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and had acquired sufficient quarters of coverage to remain insured only through September 30, 2005.

assistant and a plant garden technician, as well as various salesperson/manager jobs, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from a number of severe impairments, including migraines, chronic low back pain, history of head injury, neck pain, hepatitis C, several mental disorders and a history of substance abuse, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform work at the light exertional level but with certain restrictions recognizing the limiting effects of her impairments. (R. 16). A vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including bagger, racker and small parts assembler. Relying on the vocational expert's testimony, the ALJ found that while plaintiff cannot perform her past relevant work, she is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[2] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; <u>Newell v. Commissioner of Social Security</u>, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. <u>Id.</u>; <u>see</u> <u>Barnhart v. Thomas</u>, 124 S.Ct. 376 (2003).

---

[2] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. <u>Plummer</u>, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

AO 72
(Rev. 8/82)

Here, plaintiff raises numerous challenges to the ALJ's findings: (1) the ALJ erred at step 3 by finding that none of plaintiff's impairments meet the criteria of any of the listed impairments; (2) the ALJ improperly evaluated the medical evidence; (3) the ALJ improperly assessed plaintiff's residual functional capacity; and, (4) the ALJ failed to consider all of plaintiff's impairments in combination. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

First, the court is satisfied that the ALJ's step 3 finding is supported by substantial evidence. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ identified the relevant listed impairments that compare with plaintiff's mental impairments (Listings 12.04 and 12.06) and adequately explained why plaintiff's impairments do not meet or equal the severity of those listed impairments. (R. 16); see Burnett, 220 F.3d at 120, n.2.

In particular, the ALJ found that plaintiff failed to meet either the "B" or the "C" criteria of those listings, explaining that the state agency medical consultants who had reviewed the medical evidence had reached the same conclusion and further noting that no treating or examining source had found that plaintiff meets the requisite criteria. (Id.). As the required level of severity is met only when the requirements in both A and B of the listings are satisfied, or when the "C" criteria of those listings are met, the ALJ correctly concluded that plaintiff does not meet any of those listings. The ALJ's findings are supported by substantial evidence as outlined in the decision.

The ALJ likewise considered the medical evidence relating to plaintiff's physical impairments in concluding that plaintiff does not meet or equal any of the listings in 1.00 for musculoskeletal system disorders or in 11.00 for neurological disorders and the record likewise is clear that plaintiff's physical impairments do not meet the criteria of any listing.

Moreover, as noted by the ALJ, plaintiff has failed to meet her burden of presenting any medical findings to either the ALJ or to this court showing that any of her impairments, physical or mental, meet or equal any listed impairment. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). Instead, plaintiff summarily states that the ALJ erred in finding that she failed to meet a listing without pointing to any evidence in the record that would support such a finding. In fact, the medical evidence of record does not support a finding that plaintiff meets or equals

AO 72
(Rev. 8/82)

any listing. Accordingly, the court finds plaintiff's step 3 argument to be without merit.

Plaintiff's remaining arguments all relate to the ALJ's finding of not disabled at step 5 of the sequential evaluation process. At that step, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.

Here, the ALJ found that plaintiff retains the residual functional capacity to perform light work with numerous restrictions accommodating her physical and mental impairments. (R. 16). Although plaintiff disputes this finding, it is clear from the record that the ALJ adequately considered all of the relevant medical evidence, as well as plaintiff's reported activities, in assessing plaintiff's residual functional capacity, and that he incorporated into his finding all of the limitations that reasonably could be supported by the medical and other relevant evidence. (R. 17-24). The court is satisfied that the ALJ's residual functional capacity finding is supported by substantial evidence.

Plaintiff also alleges that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional

AO 72
(Rev. 8/82)

- 7 -

capacity. In particular, she alleges that the ALJ erred in not giving appropriate weight to a report from Daniel Palmer, Ph.D., who performed a consultative examination in February of 2005 and concluded that plaintiff had "marked" and "extreme" limitations in certain areas of mental functioning. (R. 204). The court finds no error in the ALJ's evaluation of the medical evidence.[3]

The ALJ expressly addressed in his decision Dr. Palmer's opinion regarding plaintiff's limitations and sufficiently explained why he did not give that opinion any significant weight. (R. 18-21). In particular, the ALJ noted that Dr. Palmer's opinion: (1) was rendered after a one-time only consultation and imposed more severe limitations than any of plaintiff's treating sources; (2) is inconsistent with other medical evidence in the record, including diagnostic testing and progress notes and reports from plaintiff's treating sources; (3) is inconsistent with plaintiff's wide range of daily activities, which included, *inter alia,* attending cosmetology school; and, (4) is inconsistent with conservative history of treatment. (Id.).

---

[3] Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

The ALJ's assessment of Dr. Palmer's report is well-supported by the evidence in the record. None of plaintiff's mental health treating sources indicated limitations anywhere near as severe as those advanced by Dr. Palmer, nor did any of the reviewing psychologists. Significantly, plaintiff's treating psychiatrist, Dr. Cho, opined that plaintiff had no more than moderate difficulties in any functional domain and consistently reported that plaintiff was doing well with medication and was stable. (R. 233; 277-283). After an initial GAF rating of 55, indicating moderate symptoms, upon her first visit with Dr. Cho, plaintiff's GAF score consistently was rated at 65 after she began treatment, which indicates mild symptoms with only some difficulty in functioning.[4]

Dr. Palmer's opinion as to the severity of plaintiff's limitations also is inconsistent with the reports from numerous reviewing psychologists, who all reported only moderate difficulties, in line with the findings in Dr. Cho's reports. The opinions from all of these other medical sources also are supported by the objective medical findings as outlined in the

---

[4] The GAF score considers psychological, social and occupational functioning on a hypothetical continuum of mental health. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th ed. 1994). While the use of the GAF scale is not endorsed by the Social Security Administration because its scores do not have a direct correlation to the disability requirements and standards of the Act, the ALJ's findings in this case as to plaintiff's limitations are consistent with the clinical GAF ratings found by all of the medical sources, including Dr. Palmer's rating of 55, which indicates only moderate symptoms.

ALJ's decision. Conversely, no objective findings support Dr. Palmer's conclusion, which, as the ALJ noted appears to have been based primarily upon plaintiff's subjective complaints.[5]

The ALJ thoroughly and exhaustively addressed the relevant medical evidence in his decision and adequately explained his reasons for the weight he accorded to all of the medical reports and opinions, including those from Dr. Palmer. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff's last argument is that the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe, in assessing plaintiff's residual functional capacity. However, the record fails to support that position. The ALJ specifically noted in his decision that he

---

[5] The court also is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations. 20 C.F.R. §§404.1529(c) and 416.929(c); see also SSR 96-7p. In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record, and concluded that plaintiff's subjective complaints of pain and limitations were inconsistent with the totality of the evidence. (R. 21-24). This finding is supported by substantial evidence. Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of her activities of daily living, as well as her treatment history and the absence of clinical and objective findings supporting plaintiff's allegations of totally debilitating symptoms.

considered all of plaintiff's impairments in combination and his residual functional capacity finding demonstrates that he did just that. (R. 15-18). The court is satisfied that the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's assessment is supported by substantial evidence.

Finally, contrary to plaintiff's contention that the ALJ failed to consider the effect migraine headaches have on plaintiff's ability to work, the ALJ expressly found plaintiff's migraines to be a severe impairment, (R. 15-16), and plaintiff has not suggested any additional restrictions arising from her migraines that would be more limiting than those already accounted for in the ALJ's residual functional capacity finding. Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity, and a mere diagnosis is insufficient to support a finding of disability. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). The record is clear that the ALJ considered plaintiff's migraines as well as their effect on her ability to work.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by

AO 72
(Rev. 8/82)

substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

					/s/ Gustave Diamond
					Gustave Diamond
					United States District Judge

cc: J. Kirk Kling, Esq.
	630 Pleasant Valley Boulevard, Suite B
	Altoona, PA 16602

	Stephanie L. Haines
	Assistant U.S. Attorney
	319 Washington Street
	Room 224, Penn Traffic Building
	Johnstown, PA 15901